Nancy G. Ross, *pro hac vice*
 nross@mayerbrown.com
Samuel P. Myler, *pro hac vice*
 smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:   (312) 782-0600
Facsimile:    (312) 701-7711

D. Matthew Moscon, *pro hac vice*
 mmoscon@mayerbrown.com
MAYER BROWN LLP
10 W. Broadway, 700
Salt Lake City, UT 84101
Telephone:   (801) 907-2700
Facsimile:    (650) 331-2060

Anthony Gutierrez (SBN 330302)
 agutierrez@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone:   (213) 229-9500
Facsimile:    (213) 625-0248

*Attorneys for Defendant*
*Board of Directors for the*
*Motion Picture Industry*
*Pension Plans*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KLAWONN, on behalf of the Motion Picture Industry Individual Account Plan,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS, et al.<br><br>Defendants. | Case No. 2:20-cv-09194-DMG-JEM<br><br><br>**DEFENDANT BOARD OF DIRECTORS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant Board of Directors for the Motion Picture Industry Pension Plans ("Defendant") hereby answers and responds to Plaintiff's Second Amended Complaint for Damages, Injunctive Relief, and Other Equitable Relief ("the Complaint"). Defendant does not answer or respond to Plaintiff's complaint on behalf of any of the Doe defendants, none of whom have been served or identified. To the extent any allegations in the Complaint relate to claims or legal theories that the Court has dismissed for failure to state a claim, Defendant states that no response is required and that any responses to such allegations are included solely for the purpose of preserving Defendant's arguments and defenses.

## SUMMARY

1.      Defendant admits that Plaintiff purports to bring this action against Defendant under ERISA. Defendant denies the remaining allegations in Paragraph 1.

## INTRODUCTION

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3.      Paragraph 3 sets forth legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations.

4.      Paragraph 4 sets forth legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations.

5.      Paragraph 5 sets forth legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on plan fiduciaries, but denies Plaintiff's characterization of those duties.

6.      Defendant admits Plaintiff's allegation in Paragraph 6 that plan assets are invested in a single investment pool comprised of a range of different underlying investments. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation regarding the "typical" practices of fiduciaries for "large plan[s]," and on that basis denies the allegation. Defendant denies the remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 regarding fiduciaries' duties with respect to investment decisions are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on plan fiduciaries relating to the management of plan investments, but Defendant denies that Plaintiff has accurately described those duties. Defendant admits that a single investment option plan is not inherently imprudent. Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9.

10.     Defendant admits that the Plan had over $5 billion in assets as of 2019, but denies the remaining allegations in Paragraph 10.

11.     Defendant admits that participants in the Plan did not control how plan assets were invested, but otherwise denies the allegations in Paragraph 11.

12.     Defendant admits that Plaintiff purports to assert a claim against Defendant for allegedly breaching its fiduciary duty of prudence under ERISA. Defendant denies the remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.     Defendant admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 1132(a)(2) and (3). The allegations in Paragraph 13 as to remedies available under ERISA are legal conclusions and argument that do not require a response. Defendant denies any implication that Plaintiff is entitled to monetary or equitable relief in this case.

14.     The allegations in Paragraph 14 are legal conclusions and argument that do not require a response. Defendant does not challenge the jurisdiction of this Court.

15.     The allegations in Paragraph 15 are legal conclusions and argument that do not require a response. Defendant does not contest venue in this District.

1

2

## THE PARTIES

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 16 that she resides in Los Angeles, California. Defendant admits that Plaintiff has been a participant in the Plan since at least 1992 and that she had a vested accrued benefit under the Plan as of 1994. Defendant further admits that Plaintiff did not control how plan assets were invested. Defendant denies the remaining allegations in Paragraph 16.

17.     Defendant denies that the Plan was established January 1, 1993, but otherwise admits the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations to the extent they are contrary to law.

19.     Defendant admits that the Plan provides benefits to certain eligible motion picture industry employees as described in Paragraph 19, but denies the allegations in Paragraph 19 to the extent that they purport to describe all of the requirements for participation in the Plan.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant admits that participants do not directly contribute to the Plan, and that contributions are made by participants' employers. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's

allegations in the accompanying footnote purporting to describe "a standard benefits package." The remaining allegations in the accompanying footnote purporting to describe ERISA's fiduciary duties are legal conclusions that do not require a response. To the extent a response is required, Defendant states that the written materials referenced therein speak for themselves, but denies Plaintiff's characterizations of them or that said materials are relevant and admissible evidence or authority as to any matter alleged by Plaintiff.

22.     Defendant admits that all plan assets are invested in a single investment pool and that the pooled assets are then invested in a number of different investment options. Defendant further admits that participants in the Plan do not control how plan assets are invested. Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant admits Plaintiff's allegation in Paragraph 23 that it is based in Studio City, California and that it is identified in the summary plan description attached as Exhibit A to Plaintiff's complaint as a fiduciary. Plaintiff's allegations that Defendant is the "plan sponsor" within the meaning of 29 U.S.C. § 1002(16)(B) and a "named fiduciary" within the meaning of 29 U.S.C. § 1102(a) are legal conclusions that do not require a response. To the extent a response is required, Defendant denies said allegations.

24.     Defendant admits that the Board has discretionary authority or control over certain aspects of plan administration and management. Defendant also admits that the Plan's Form 5500s identify Defendant as the plan administrator. Defendant denies that the summary plan description for the Plan provides that Defendant's fiduciary responsibilities include investment of the Plan's assets. The remaining allegations are legal conclusions that do not require a response. To the extent a response is required, Defendant admits that it has fiduciary duties to the extent it is exercising discretionary control or authority over the Plan or plan assets. Defendant denies any remaining allegations in Paragraph 24.

25.     Defendant admits that Board members are employees or representatives of the Plan's participating employers and participating unions. Defendant further admits that Plaintiff purports to bring claims against various unidentified and unknown directors as Doe defendants. The remaining allegations in Paragraph 25 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies Plaintiff's remaining allegations.

## FIDUCIARY RESPONSIBILITIES

### Duty of Prudence

26.     The allegations in Paragraph 26 are legal conclusions that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes certain fiduciary duties on ERISA plan fiduciaries and that the statutory

section Plaintiff quotes sets forth some such duties. Defendant denies the remaining allegations in Paragraph 26, including Plaintiff's characterization of ERISA's fiduciary duties.

27.     The allegations in Paragraph 27 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

28.     The allegations in Paragraph 28 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

29.     The allegations in Paragraph 29 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

30.     The allegations in Paragraph 30 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

31.     The allegations in Paragraph 31 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

### Prudent Selection of Monitoring and Investment Options in Defined Contributions Plans

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's generalizations in Paragraph 32 regarding the "typical" practices of purportedly prudent defined contribution plan fiduciaries and, on that basis, denies the allegations.

33.     Defendant admits that fixed income investments, stocks, bonds, and real estate are examples of assets that are sometimes included in pooled investment funds. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33, which purport to generally define and describe various types of investment options and, on that basis, denies the allegations.

34.     Defendant admits that some retirement plans allow participants to invest in so-called "target date funds," which are structured so that the asset allocation becomes more conservative as the target date of the fund approaches. Defendant lacks knowledge or information sufficient to form a belief about the truth

of the remaining allegations in Paragraph 34 and, on that basis, denies the allegations.

35. Defendant admits that certain investment funds can be distinguished from others based on whether they are "passively" or "actively" managed. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 and, on that basis, denies the allegations.

36. Defendant denies that Plaintiff's characterization is an exhaustive recitation of passive investments and further denies that passive investment strategies can accomplish all plan investment objectives at all levels of risk. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 and, on that basis, denies the allegations.

37. Defendant denies Plaintiff's characterization of "actively managed funds" as incomplete and lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and, on that basis, denies the allegations.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 related to the alleged ubiquity of passive investment options in defined contribution plans and, on that basis, denies those allegations. Defendant denies the remaining allegations in Paragraph 38.

39.     Defendant admits that generally hedge funds are actively-managed. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and, on that basis, denies the allegations.

40.     Defendant admits that the Plan did not offer participants individual investment options. Defendant further admits that all plan assets were pooled and invested in a diversified array of investment options. Defendant denies the remaining allegations in Paragraph 40.

## ERISA § 404(C)

41.     The allegations in Paragraph 41 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegation that ERISA § 404(c) necessarily protects fiduciaries from liability in all circumstances.  Defendant admits that ERISA imposes fiduciary duties on ERISA plan fiduciaries, but denies Plaintiff's characterization of those duties.

42.     The allegations in Paragraph 42 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that the Plan is not, nor is it intended to be, an "ERISA Section 404(c) Plan" as defined by 29 C.F.R. 2550.404c-1.

43.     The allegations in Paragraph 43 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies that

the value of Plan participants' benefits is determined based on the performance of any employee contributions. Defendant denies that participants in the Plan contribute to their own accounts; under the terms of the Plan, participants' accounts are funded entirely by employer contributions.

44.     Defendant admits that investment performance and fees affect participants' account balances. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 and, on that basis, denies the allegations.

45.     Defendant admits that defined contribution plans may invest plan assets in funds, trusts, pooled accounts, or other securities that are professionally managed by investment management firms. Defendant further admits that investment managers' fees can be paid out of plan assets. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 and, on that basis, denies the allegations.

46.     Defendant admits that a range of actively-managed investment options exist and that the fees associated with actively-managed investment options vary. Defendant further admits that the performance report referenced in Paragraph 46 describes certain fees associated with the Elliott International Fund and the Bridgewater Pure Alpha Major Markets II Fund.  However, Defendant denies that the Plan was invested in the Elliott International Fund as of the date of the fee

disclosures in the referenced performance report and denies that the Plan was ever invested in the Bridgewater Pure Alpha Major Markets II Fund. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, denies the allegations.

47.     Defendant admits that in some circumstances plan expenses can be reduced by selecting lower cost investment options and that some low cost options are only available depending upon a plan's ability to satisfy minimum investment requirements.  However, Defendant denies that plan fiduciaries are required to select only low cost investment options. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 related to average participant-weighted plan fees and, on that basis, denies the allegations. Defendant denies the allegations that reducing investment fees is made significantly easier the larger a plan gets and that plans can negotiate fees directly with investment managers. Defendant also denies the allegation related to the Plan's negotiating power and economies of scale to the extent it is construed to suggest that Plan expenses were not low.

48.     The allegations in Paragraph 48 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

# DEFENDANTS' VIOLATIONS OF ERISA

## Defendants Did Not Appropriately Consider the Needs of Participants in Managing the Plan's Investments

49.     Defendant states that the allegations in Paragraph 49 relate to a claim that has been dismissed with prejudice, and therefore, no response is required.  To the extent a response is required, Defendant admits that the Plan had between approximately 79,000 and 92,000 participants and that their ages and financial situations varied. Defendant also admits that the Plan's participants do not control how their employers' contributions to their accounts were invested. Defendant denies the remaining allegations in Paragraph 49.

50.     Defendant states that the allegations in Paragraph 50 relate to a claim that has been dismissed with prejudice, and therefore, no response is required.  To the extent a response is required, Defendant admits that the Plan does not offer participants alternative investment options or the option of a self-directed brokerage account. Defendant denies the remaining allegations in Paragraph 50. Defendant admits a single investment option in a defined contribution plan is not inherently imprudent.

51.     Defendant states that the allegations in Paragraph 51 relate to a claim that has been dismissed with prejudice, and therefore, no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51.

**Defendants Relied Almost Exclusively On High-Fee, Actively Managed Funds Whose Performance Did Not Justify Their High Fees**

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant admits that the Plan had between approximately $3.7 and $5.1 billion in assets between 2014 and 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding total plan costs for purportedly average plans with over $1 billion in assets and, on that basis, denies the allegations. Defendant denies the remaining allegations in Paragraph 54.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations regarding the performance of the 1,651 benefit plans identified in Paragraph 55 and, on that basis, denies the allegations. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations regarding the performance of the 175 plans referenced in Paragraph 56 and, on that basis, denies the allegations. Defendant denies the remaining allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant admits that the participant communication referenced in Paragraph 58 compares the Plan's returns to those of the MSCI World Index and a

model portfolio containing 60% stocks and 40% bonds in order to evaluate volatility. Defendant denies that either the MSCI World Index or a 60/40 portfolio are considered Plan benchmarks for purposes of evaluating investment performance. Defendant denies the remaining allegations in Paragraph 58.

59.    Plaintiff's allegations in Paragraph 59 related to the Plan's investment performance purport to describe plan documents attached as an exhibit to Defendant's motion to dismiss, the contents of which speak for themselves. Defendant denies any implications or statements that contradict those documents. Defendant denies the remaining allegations in Paragraph 59.

60.    Defendant admits that the investment monitoring document cited in Paragraph 60 shows that the Plan's investment returns over the 20 year period preceding the end of 2019 exceeded the returns of both the MSCI World Index and a model portfolio containing 60% stocks and 40% bonds over that same period.. The allegations in Paragraph 60 related to the alleged practices of prudent fiduciaries are legal conclusions and arguments that do not require a response. To the extent a response is required, Defendant denies the characterization of ERISA's fiduciary duties and the generalizations regarding prudent fiduciaries' practices set forth in Paragraph 60. Defendant denies any remaining allegations in Paragraph 60.

61.    Defendant denies the allegations in Paragraph 61.

62.     Defendant admits that the investment performance document cited in Paragraph 62 states that the Plan achieved its returns with significantly less risk than that of equities and a conventional 60/40 portfolio. Defendant denies the remaining allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant admits that some hedge funds use leverage, including borrowing against fund investments, to increase returns and/or minimize losses. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 related to the failure of certain hedge funds or investment management companies and, on that basis, denies them. Defendant denies the remaining allegations in Paragraph 64.

**Defendants Failed To Consider Superior Investment Options That Were Available In The Marketplace And Adopted By Other Fiduciaries**

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant admits that the quarterly performance report cited in Paragraph 66 speaks for itself. Defendant lacks knowledge or information sufficient to form a belief about the truth of the speculative allegation that this goal can be achieved without "heavy reliance on high-fee investment options." Defendant also lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding the investment goals of the Building Service Plan and denies that the Building Service Plan is an appropriate comparator.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 regarding the Building Service Plan's investment options and the performance of the Vanguard Wellesley Income Fund, and, on that basis, denies the allegations in Paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69.     Defendant generally lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and, on that basis, denies them. Defendant specifically denies that any of the "peer defined contribution plans" referenced in Paragraph 69 are appropriate comparators for purposes of evaluating the Plan.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 regarding the investment goals of other plans and, on that basis, denies them. Defendant expressly denies that these plans are appropriate comparators for purposes of evaluating the Plan.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 regarding the Plan's alleged volatility and performance compared to the referenced "peer group average" and, on that basis, denies them. Defendant denies the remaining allegations in Paragraph 72.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 regarding the alleged underperformance of the Plan and the fees charged by an alleged "average plan." Defendant denies any remaining allegations in Paragraph 73.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 concerning the process Plaintiff claims to have used to identify mutual funds that it believes are similar to the Plan's investment portfolio and the investment approach of these various funds and, on that basis, denies them. Defendant denies any remaining allegations in Paragraph 74.

75.     Defendant admits that Paragraph 75 purports to quote portions of the Plan's 2016 Investment Policy Statement, a prospectus for the Vanguard Wellesley Income Fund, and a prospectus for the Fidelity Balanced Fund, and that each document speaks for itself. Defendant denies any remaining allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76 that the Plan had poor returns and denies that the mutual funds identified in Paragraph 76 are appropriate comparators for purposes of evaluating the Plan's performance. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 and, on that basis, denies them.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 characterizing the general performance of the hedge fund industry as a whole and how the Plan's investment performance compares to that of the entire hedge fund industry and, on that basis, denies them. Defendant denies the remaining allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

**Plaintiff Lacked Knowledge Of Defendants' Investment Process And Other Material Facts Prior To Suit**

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 about Plaintiff's actual knowledge and, on that basis, denies them. Defendant denies that Plaintiff has drawn reasonable inferences in her allegations.

## **PLAN-WIDE RELIEF**

82.     The allegations in Paragraph 82 set forth legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that 29 U.S.C. § 1132(a)(2) permits a participant to bring an action individually on behalf of the Plan and that Plaintiff claims she is seeking recovery on behalf of the Plan pursuant to 29 U.S.C. § 1109(a). Defendant denies any implication that Plaintiff is entitled to the recovery she seeks.

83.     The allegations in Paragraph 83 set forth legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits Plaintiff claims she is seeking to recover for injuries to the Plan sustained as a result of alleged fiduciary breaches described in the complaint. Defendant denies any remaining allegations, including any inference that Defendant breached any duties or that Plaintiff is entitled to any recovery.

84.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and, on that basis, denies them.

## CLASS ACTION ALLEGATIONS

85.     Defendant admits the allegation in Paragraph 85 that Plaintiff seeks certification of this action as a class action pursuant to Fed. R. Civ. P. 23. Defendant denies that Plaintiff is entitled to have a class certified.

86.     Defendant admits that Plaintiff purports to bring this action on behalf of the class of plan participants and beneficiaries described in Paragraph 86 but denies that a class is appropriate or needed in this matter.

87.     The allegations in Paragraph 87 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies

the allegations in Paragraph 88 and expressly denies that Defendants mismanaged the Plan or were imprudent or that a class is necessary or appropriate in this matter.

89.   The allegations in Paragraph 89 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 89. Defendant expressly denies that a class is necessary or appropriate in this matter.

90.   The allegations in Paragraph 90 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 90. Defendant expressly denies it breached any fiduciary duties to Plan participants.

91.   The allegations in Paragraph 91 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92.   The allegations in Paragraph 92 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 92. Defendant denies that any relief is justified in this matter.

93.   The allegations in Paragraph 93 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies

the allegations in Paragraph 93. Defendant expressly denies that a class is necessary or appropriate in this matter.

94.    The allegations in Paragraph 94 predict future conduct that cannot be confirmed or denied. Further, they state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

## COUNT I
### Breach of Duty of Prudence
### 29 U.S.C. § 1104(a)(1)(B)

95.    Defendant incorporates by reference its responses to the allegations in the preceding paragraphs.

96.    The allegations in Paragraph 96 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that the Board was a fiduciary for certain purposes under the terms of the Plan.

97.    The allegations in Paragraph 97 state legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits that ERISA imposes certain fiduciary duties on Defendant, but denies Plaintiff's characterization of those duties.

98.    The allegations in Paragraph 98 are legal conclusions and argument that do not require a response. To the extent a response is required, Defendant admits

that ERISA imposes fiduciary duties on Plan fiduciaries, but Defendant denies Plaintiff's characterization of those duties.

99.    Defendant denies the allegations in Paragraph 99.

100.   Defendant denies the allegations in Paragraph 100.

101.   Defendant denies the allegations in Paragraph 101.

**<u>PRAYER FOR RELIEF</u>**

102.   Defendant admits that Plaintiff is requesting the relief described in Paragraph 102, but denies that Plaintiff is entitled to such relief or that such relief is appropriate.

**GENERAL DENIAL**

Defendant denies all allegations in the Complaint unless expressly admitted herein.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant sets forth the following defenses and affirmative defenses to the allegations in the Complaint.

**First Defense**

The claims of Plaintiff and the members of the putative class are barred in whole or in part by the applicable statutes of repose or limitations, including but not limited to ERISA § 413, 29 U.S.C. § 1113.

**Second Defense**

The claims of Plaintiff and/or other members of the putative class are barred, in whole or in part, by their lack of standing.

**Third Defense**

Defendant was not acting as fiduciary within the meaning of ERISA with respect to conduct alleged by Plaintiff.

**Fourth Defense**

Plaintiff is not entitled to certification of this action as a class action because the proposed class does not satisfy the requirements of Federal Rule of Civil Procedure 23(a) or 23(b).

**Fifth Defense**

The claims of Plaintiff and/or any other members of the putative class who have executed a waiver or release of claims against Defendant may be barred by that waiver or release of claims.

**Sixth Defense**

Plaintiff and the members of the putative class suffered no actual losses.

**Seventh Defense**

To the extent Plaintiff or any putative class member actually is found to have suffered a loss, the loss was not proximately caused by Defendant's conduct.

**Eighth Defense**

Plaintiff's claims are barred because Defendant followed applicable Plan documents and acted with due care.

**Ninth Defense**

Plaintiff's claims, and claims made on behalf of the Plan or a putative class, are barred, in whole or in part, because the Complaint seeks relief that cannot be obtained under ERISA §§ 1109(a), 1132(a)(2), or 1132(a)(3), and/or seeks relief that is not "other appropriate equitable relief" available under ERISA § 1132(a)(3).

**Tenth Defense**

Plaintiff's claims, and those of the member of the class or made on behalf of the Plan, are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

Dated: October 28, 2022                  Respectfully submitted,

                                         By: */s/ Nancy G. Ross*
                                         Nancy G. Ross
                                         MAYER BROWN LLP

                                         *Attorneys for Defendant Board of Directors for the Motion Picture Industry Pension Plans*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Nancy G. Ross, certify that on October 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all attorneys of record that have appeared in this case.

<u>/s/ *Nancy G. Ross*          </u>
Nancy G. Ross