Nancy G. Ross, *pro hac vice*
nross@mayerbrown.com
Samuel P. Myler, *pro hac vice*
smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

David M. Moscon, *pro hac vice*
mmoscon@mayerbrown.com
10 West Broadway, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 907-2703
Facsimile: (801) 880-2221

Robert C. Double III (SBN 301637)
rdouble@mayerbrown.com
Anthony Gutierrez (SBN 330302)
agutierrez@mayerbrown.com
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant Board of Directors for the Motion Picture Industry Pension Plans*

Jason Marsili, CA Bar No. 233980
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd Suite 1800
Los Angeles, CA 90010
Telephone: 213-389-6050

Paul J. Lukas, *pro hac vice*
lukas@nka.com
Brock J. Specht, *pro hac vice*
bspecht@nka.com
Anna P. Prakash, *pro hac vice*
aprakash@nka.com
Patricia C. Dana, *pro hac vice*
pdana@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Patricia Klawonn, on behalf of the Motion Picture Industry Individual Account Plan,<br><br>Plaintiff,<br><br>v.<br><br>Board of Directors for the Motion Picture Industry Pension Plans, et al.,<br>Defendants. | Case No. 2:20-cv-09194 DMG-JEM<br><br>**STIPULATED PROTECTIVE ORDER** |

751040742.1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Stipulation and Protective Order ("Protective Order") to govern the protection of Confidential Information (as defined herein), which may be produced or otherwise disclosed during the course of the above-captioned matter (the "Action").

## I. Types of Materials Which May Be Designated Confidential

A. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced by or obtained from any party to the Action, or any nonparty responding to a discovery request or subpoena in this Action (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party as "Confidential" in accordance with this Protective Order.

B. "Confidential Information" is defined as Discovery Material that may contain proprietary, commercially or competitively sensitive, personal, or financial in nature, or other information which, in the good-faith judgment of the party designating the material as Confidential Information, qualifies for protection under Federal Rule of Civil Procedure 26(c).

C. Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance (other than in general terms) of Confidential Information shall also be treated as Confidential Information pursuant to this Protective Order.

## II. Designation of Discovery Material as Confidential

A. Any documents, material or information produced in discovery in this Action that constitute Confidential Information may be so designated by the producing party or non-party by providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL," or by designating such documents, material or information as Confidential Information in a letter accompanying their production. To the extent a producing party makes

2

documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

  B. In the event that a party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Information, the party may insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

  C. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Confidential for a period of 30 days after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to designate testimony as "CONFIDENTIAL".

  D. Notice of the designation shall be provided to all parties. Inadvertent production of or failure to designate any information as Confidential Information shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential Information as appropriate.

  E. The designation of information as "CONFIDENTIAL" for discovery purposes is not binding on the Court for any other purposes including the Court's determination of whether such information constitutes in part or in whole a trade secret or other protected information for purposes of restricting access to such information.

### III. Permissible Uses of Discovery Material

  A. All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the purpose of this litigation and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record

751040742.1

in this Action or that is otherwise publicly available. Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Action in any manner that the party deems appropriate.

B. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

C. Confidential Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

    1. The Court and Court personnel;

    2. The Parties named in this Action;

    3. Counsel of record and any other outside counsel for the parties in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

    4. In-house counsel for any party, and paralegal, clerical and other employees assisting in-house counsel;

    5. Party deponents, current employees, officers, members, or directors of defendants or their affiliates who are assisting in the conduct of this Action;

    6. Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any Party to assist in the preparation, litigation, or settlement of this Action (but excluding any such individuals or entities known to be currently employed or engaged by a competitor of the Party or non-party that designated the material);

4

751040742.1

    7. Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

    8. Third party witnesses in this Action, and their counsel for purposes of this Action;

    9. Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and;

    10. Others, if the Parties to this Action so agree in writing or, for good cause shown, the Court so permits.

  D. Before any Confidential Material is disclosed to the persons identified above in Paragraph C(6), such persons shall be provided with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order attached as Exhibit A. Counsel shall retain the original copies of executed Acknowledgment forms and need not disclose who has executed them during the course of this Action, unless a dispute arises as to the dissemination of Confidential Material to persons other than those identified as authorized under this Order.

  E. No person to whom Confidential Information is disclosed may disclose such Confidential Information to any person other than those persons described in Paragraph C above.

  F. All persons who have access to Confidential Information at any time shall take all precautions necessary to prohibit access to such Confidential Information other than as provided for herein.

  G. Nothing in the foregoing paragraphs is intended to preclude a Designating Party from seeking greater protection from the Court, nor a receiving party from seeking leave to disclose documents to additional persons.

  H. Challenge Designations: Any party may challenge a designation of Discovery Material as Confidential Information at any time after the designation has been made. A party that submits a challenge (the "Challenging Party") may do so

751040742.1

by providing written notice to the party making a "CONFIDENTIAL" designation (the "Designating Party") of the reasons for the objection. The Challenging Party and the Designating Party shall attempt to resolve in good faith any such challenge informally. If the parties cannot resolve the challenge within fourteen (14) business days of a party's written notice of objection, then the Challenging Party may move the Court for an order de-designating the Discovery Material at issue. The Designating Party shall have the burden of showing that the Discovery Material is Confidential. If no motion is filed, the information shall remain Confidential. If a motion is filed, the disputed information shall continue to be treated as Confidential Information under this Protective Order until such time as the Court rules on the motion. The Court's determination of whether information is Confidential Information for discovery purposes shall not, absent further order, extend to the treatment of such information for any other purposes in this case, including the propriety of restricting public access to any such information if made a part of the record in this case.

  I. Filing Confidential Information: Any party seeking to file under seal any pleading, written discovery, or other paper containing, incorporating, attaching, or referring discovery material that is designated as "CONFIDENTIAL" shall follow Local Civil Rule 79-5.

  J. Disclosure at Trial: A Court ruling on the confidentiality for purposes of use at trial, including appeal, shall supersede this Protective Order. The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential Information discussed, or to be discussed, at hearings and trial.

  K. Within ninety (90) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, all parties or other persons or entities bound by this Protective Order shall, upon request of the Designating Party, either destroy any Confidential

751040742.1

Information in their possession or return the information and all copies thereof to the Designating Party. If requested by the Designating Party, Counsel shall certify in writing upon request of the Designating Party that all Confidential Information and copies thereof have been handled in accordance with this paragraph.

**IV. Inadvertent Disclosure of Privileged Material**

A. This Protective Order is without prejudice to any Party's or non-party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, and is without prejudice to any party's right to contest such a claim of privilege or protection.

B. Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of privileged information or documents in the course of discovery shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege.

C. If, in connection with this Action, a party inadvertently discloses (the "Disclosing Party") information subject to a claim of attorney-client privilege, the work-product doctrine, or any other applicable privilege ("Inadvertently Disclosed Information"), and a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving party (the "Receiving Party") shall, within five (5) business days:

    1. return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been returned, sequestered or destroyed, except that the Receiving Party may retain a sequestered copy of the inadvertently produced materials for the sole purpose of presenting the materials to the Court under seal for determination of the claim, as described in Paragraph D below;

    2. refrain from any further use or disclosure of the Inadvertently Disclosed Information, except that the Receiving Party may present the

7

751040742.1

inadvertently produced materials to the Court under seal for determination of the claim, as described in Paragraph D below; and

   3. take reasonable steps in good faith to retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order prior to receiving notice. Nothing in this paragraph shall be read to limit the parties' rights under Federal Rule of Civil Procedure 26(b)(5)(B).

  D. In the event of a dispute as to the basis for a Disclosing Party's claim that Inadvertently Disclosed Information is privileged, the Receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement. If the Disclosing Party and Receiving Party are unable to resolve their disagreement within fourteen (14) days after the parties meet and confer regarding the disagreement, the Receiving Party may request that the Court enter an order compelling production of the Discovery Material. While any such request is pending, the Receiving Party shall not use any Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except that the Receiving Party may present the inadvertently produced materials to the Court under seal for determination of the claim. Should a dispute arise, all parties other than the Disclosing Party may sequester the Inadvertently Disclosed Information and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

**V. General Provisions**

  A. This Protective Order may be modified or amended by agreement of the parties with the approval of the Court. To the extent that the parties fail to agree on a modification proposed by any party, nothing contained herein shall be deemed to preclude any party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

  B. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits,

751040742.1

correspondence, and work product containing or reflecting Confidential Information after final termination of this Action; provided, however, that they shall treat such materials as Confidential Information, as designated in this Action.

C. This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement. Nor shall this Protective Order prevent any party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

D. This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

E. Subpoenas of Information:

1. In the event any Receiving Party in this Action having possession, custody, or control of any Confidential Information receives a subpoena, request for production of documents, or other process or demand to produce such material in another legal proceeding from a non-party to this Action, such Receiving Party shall:

    a. give notice of the subpoena, request for production of documents, or other process or order to counsel for the producing party, and the Designating Party if a different person or entity, that designated the Discovery Material as "CONFIDENTIAL"; and

    b. furnish that counsel with a copy of said subpoena, request for production of documents, or other process or order.

2. The party receiving the subpoena (the "Subpoenaed Party"), request for production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the

751040742.1

request is subject to this Protective Order, and provide a copy of the Protective Order to the issuing entity or individual. The producing party, or Designating Party if a different person or entity, shall bear the burden and expenses of seeking protection of the Confidential Information. If the producing party, or the Designating Party if a different person or entity, whose Confidential Information may be affected, timely seeks a protective order to prevent production of the Confidential Information, the party served with the subpoena or court order shall not oppose the entry of such protective order (without prejudice to a party's rights under the instant protective order to challenge the propriety of the Confidential designation of the subpoenaed information) and shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's written consent. Nothing in these provisions shall be construed as authorizing or encouraging a Subpoenaed Party to disobey a lawful directive from a court or authority of competent jurisdiction.

DATED: December 9, 2022

| | |
|---|---|
| **NICHOLS KASTER, PLLP**<br>*/s/ Anna P. Prakash*<br>Paul J. Lukas, *pro hac vice*<br>Brock J. Specht, *pro hac vice*<br>Anna P. Prakash, *pro hac vice*<br>Patricia C. Dana, *pro hac vice*<br>4700 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: (612) 256-3200<br>Facsimile: (612) 338-4878<br>lukas@nka.com<br>bspecht@nka.com<br>aprakash@nka.com<br>pdana@nka.com | **MAYER BROWN LLP**<br>*/s/ David M. Moscon*<br>Nancy G. Ross, *pro hac vice*<br>nross@mayerbrown.com<br>Samuel P. Myler, *pro hac vice*<br>smyler@mayerbrown.com<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br><br>David M. Moscon, *pro hac vice*<br>mmoscon@mayerbrown.com<br>10 West Broadway, Suite 700<br>Salt Lake City, UT 84101<br>Telephone: (801) 907-2703 |

751040742.1

| | | |
|---|---|---|
| 1 | Jason Marsili, CA Bar No. 233980<br>**ROSEN MARSILI RAPP LLP** | Facsimile: (801) 880-2221 |
| 2 | 11150 W. Olympic Blvd, Suite 990<br>Los Angeles, CA 90064 | Robert C. Double III (SBN 301637)<br>rdouble@mayerbrown.com |
| 3 | Telephone: 213-389-6050 | Anthony Gutierrez (SBN 330302) |
| 4 | jmarsili@rmrllp.com | agutierrez@mayerbrown.com<br>350 S. Grand Ave., 25th Fl. |
| 5 | *Attorneys for Plaintiff* | Los Angeles, CA 90071<br>Telephone: (213) 229-9500 |
| 6 | | Facsimile: (213) 625-0248 |
| 7 | | |
| 8 | | *Attorneys for Defendant Board of*<br>*Directors for the Motion Picture Industry*<br>*Pension Plans* |

751040742.1

# FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Anna P. Prakash, attest under penalty of perjury that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 9, 2022

*/s/ Anna P. Prakash*
Anna P. Prakash

751040742.1

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Patricia Klawonn, on behalf of the Motion Picture Industry Individual Account Plan, v. Board of Directors for the Motion Picture Industry Pension Plans, et al.*, Case No. 2:20-cv-09194 DMG-JEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

751040742.1