UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KLAWONN<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS , et al.<br><br><br>　　　　　Defendant(s). | CASE NO:<br>2:20−cv−09194−DMG−JEM<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER RE COURT TRIAL** |

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**SEE THE LAST PAGE OF THIS ORDER FOR THE SCHEDULED DATES.**

The term "Counsel," as used in this Order, includes parties appearing *pro se*.

The Court has scheduled the dates set forth on the last page of this Order after review of the parties' Joint Scheduling Conference Report. Where possible, the Court has implemented the parties' suggested dates with some adjustments to better accommodate the Court's calendar and procedures. The dates and

requirements set forth in this Order are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a proper showing.

## I.

## DEADLINES

**A.  JOINDER OF PARTIES/AMENDMENT OF PLEADINGS**

All motions to add parties or to amend the pleadings must be noticed to be **heard** on or before the cut-off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

**B.  DISCOVERY AND DISCOVERY CUT-OFF**

**1.  Discovery Cut-off:** The Court has established a cut-off date for discovery, including expert discovery, if applicable. This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

**2.  Discovery Disputes:** Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information > Attorney Admissions").

**3.  Discovery Motions:** Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

**4.  Depositions:** All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the

deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date. Given the requirements to "meet and confer," and notice requirements, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

5. **Written Discovery:** All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6. **Expert Discovery:** All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C. **LAW AND MOTION**

The Court has established a cut-off date for the filing and service of motions for the Court's law and motion calendar. Counsel should consult the Court's Standing Order, provided at the commencement of this action, to determine the Court's requirements concerning motions. Counsel also may consult the Court's website at www.cacd.uscourts.gov >Judges' Requirements > Judges' Procedures and Schedules>Hon. Dolly M. Gee for further information regarding motion procedures.

D. **FINAL PRETRIAL CONFERENCE**

1. A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8. Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead counsel. Counsel should be prepared to discuss streamlining the trial, including presentation of

testimony by narrative statements or deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumés.

**2. Proposed Final Pretrial Conference Order:** A proposed final pretrial conference order, witness lists, and joint exhibit list shall be submitted in accordance with the Local Rules. The format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules. In drafting the proposed final pretrial conference order, the Court expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. A sample joint exhibit list can be found at "Attachment A" to this Order. Failure of these documents to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

**3. Joint Trial Witness Time Estimate Form:** The parties will prepare a Joint Trial Witness Time Estimate form in substantially the format as the sample at "Attachment B" herein.

**4. Pretrial Exhibit Stipulation:** The parties shall prepare a pretrial exhibit stipulation that shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's brief response. All exhibits to which there is no objection shall be deemed admitted. The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the pretrial exhibit stipulation shall identify any exhibits to which authenticity and/or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate.

The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff(s)'/Defendant(s)' Exhibits**

**Exhibit No.   Description   If Objection, State Grounds   Response to Objection**

The pretrial exhibit stipulation shall be filed at the same time counsel lodge the proposed pretrial conference order. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. **Do not submit** blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

## II.
## ADDITIONAL TRIAL PREPARATION

### A. OPENING STATEMENTS

Opening statements shall be brief and shall summarize how the attorney expects to prove the key components of his/her proposed fact findings.

### B. WITNESS DECLARATIONS/DEPOSITION TESTIMONY IN LIEU OF DIRECT TESTIMONY

The parties shall comply with Local Rules 16-2.7 and 43-1. At least 21 days before trial, for each witness a party intends to call at trial, counsel for that party shall either (a) file and serve personally or by fax or electronic mail an executed declaration in lieu of direct testimony, or (b) if, and only if, such testimony is contained in discrete portions of a deposition, mark and lodge the deposition in accordance with the Local Rules. The Court expects to read the declarations and/or pertinent portions of the lodged depositions prior to the commencement of trial. At trial, the Court will permit "live" questioning only for cross-examination and re-direct of each such witness.[1]

Not later than 14 days before trial, each party shall file a copy of its written objections to the testimony contained in the opposing party's declarations and/or

---

[1] Direct "live" testimony of witnesses will be permitted only as to those witnesses who are not within the party's control (e.g., hostile witnesses) and who were not deposed.

lodged depositions. Failure to file such written objections will be deemed to be a waiver of any such evidentiary objections.

C. **MOTIONS *IN LIMINE***

As this matter will be tried to the Court, there should be a much reduced need for motions *in limine*. The Court limits the number of *in limine* motions which a party or group of affiliated parties may file to **four**, not including (1) any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) any *in limine* motion which invokes the Court's power under Rule 702 of the Federal Rules of Evidence and Daubert v Merrell Dow Pharmaceuticals, 509 U.S. 579, 597 (1993), to exclude or limit expert testimony. Motions made on the latter two grounds shall prominently state the basis for the motion in the title of the motion on the caption page. Any party desiring to tender any other *in limine* motions beyond the number permitted above shall file an *ex parte* application no later than seven days prior to the due date for such motions, attaching the proposed motion and making a showing why it is imperative that the issue be dealt with by a motion *in limine*.

The Court deems the following motions to have been made and granted:

• Exclusion of evidence of settlement talks, offers of compromise and similar evidence excludable under Federal Rule of Evidence 408.

• Exclusion of expert opinions not disclosed under Rule 26(a)(2) of the Federal Rule of Civil Procedure or otherwise subjected to examination at the expert's deposition.

All motions in limine must be filed at least 21 days before the final pretrial conference. At least seven days prior to the filing deadline, Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. Each motion should be separately filed and numbered. Opposition must be filed two weeks before the final pretrial conference. Reply

briefs will not be accepted without leave of the Court. The Court generally will rule on motions *in limine* at the final pretrial conference. Motions *in limine* should address specific evidence (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

### D.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.  For any matter requiring findings of fact and conclusions of law, counsel for each party shall, no later than 21 days before trial, file with the Court and serve on opposing counsel that party's proposed findings of fact and conclusions of law in the format specified in Local Rule 52-3.

2.  Fourteen (14) days before the trial date, each counsel shall file with the Court and serve on opposing counsel a copy of the <u>opposing</u> party's proposed findings of fact and conclusions of law, marked as follows:

   (a)  Strike through those portions the party disputes;

   (b)  Bold those portions the party admits; and

   (c)  Underline those portions the party admits but considers irrelevant.

The parties may agree to and advise the Court of some other method of differentiating among these three categories, such as color coding.

3.  Counsel need not make a uniform determination as to an entire proposed finding or conclusion. Counsel may agree with a portion, dispute another portion, and consider a portion irrelevant. Counsel are urged, however, to have only a single fact or conclusion of law contained in each paragraph.

4.  The parties may submit supplemental proposed findings of fact and conclusions of law during the course of the trial. If more than five supplemental findings are proposed, the same designating procedure should be used.

5.  Each party must submit its own unmarked proposed findings of fact and conclusions of law to the Chambers e-mail box in Word or WordPerfect format.

### E. TRIAL EXHIBITS

1. Counsel are to prepare their exhibits for presentation at the trial by placing them in tabbed binders indexed by exhibit number. Counsel shall submit to the Court an original and one copy of the binder. The exhibits shall be in three-ring binders labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Local Rule 16-6.

2. The Court requires that the following be submitted to the courtroom deputy clerk on the first day of trial:

   (a) One binder of <u>original exhibits</u> with the Court's exhibit tags shall be affixed to the front of the exhibit on the upper or lower right-hand corner with the case number, case name, and exhibit number placed on each tag.  Digital exhibit tags are available on the Court's website under Court Forms > General Forms > Form G-14A (plaintiff) and G-14B (defendant). Digital exhibit tags may be used in place of the tags obtained from the Clerk's Office.

   (b) One binder with a <u>copy</u> of each exhibit tabbed with numbers as described above for use by the Court.

   (c) Three copies of joint exhibit list. See ¶ of Judge Gee's Procedures and Schedules on the Central District of California's website for a sample format for the joint exhibit list.

   (d) Three copies of witness lists in the order in which the witnesses may be called to testify.

3. All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule, and to those exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

### F. TRIAL HOURS

Bench trials will commence at 9:30 a.m. and conclude at approximately

4:00 p.m., though the Court will sometimes go later in order to finish a witness who is on the stand. There will be two fifteen-minute breaks and a 75-minute lunch break, unless otherwise ordered by the Court.

### G. CLOSING STATEMENTS AND POST-TRIAL BRIEFS

For an overview and review of the evidence, the Court will rely on closing statements. In delivering closing statements, counsel shall use their respective proposed findings of fact and conclusions of law as a "checklist" and should identify the evidence that supports the proposed findings. The Court will not accept post-trial briefs unless the Court finds that the circumstances of the case warrant such briefing and they are specifically authorized.

## III.

## SETTLEMENT PROCEDURES

A settlement procedure must be identified in every case pursuant to General Order 11-10, § 5.1 and Local Rule 16-15 *et seq*. If counsel have received a Notice to Parties of Court-Directed ADR Program (ADR-08), the case will be presumptively referred to the Court Mediation Panel or to private mediation, unless the parties specify otherwise. *See* General Order 11-10, § 5.1. Counsel must complete a settlement conference no later than the date set by the Court at the scheduling conference. Not to the exclusion of other procedures, the available alternatives include:

(1) a settlement conference before the magistrate judge assigned to the case;

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3) the employment (at the parties' expense) of a private judge, mediator, or arbitrator.

Judge Gee will consider conducting a settlement conference at the joint

request of the parties.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

## IV.

## CONDUCT OF ATTORNEYS AND PARTIES

**A. OPENING STATEMENTS, EXAMINING WITNESSES, AND SUMMATION**

1. Counsel must use the lectern for opening statements, examination of witnesses, and summation.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may do so in advance.

3. The Court will honor (and may establish) reasonable time estimates for opening statements and closing arguments, examination of witnesses, etc.

**B. OBJECTIONS TO QUESTIONS**

1. Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise to state the objection and state only that counsel objects and the concise legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

**C. GENERAL DECORUM**

1. Counsel should not approach the courtroom deputy clerk or the witness box without specific permission. If permission is given, counsel should return to the lectern when their purpose has been accomplished. Counsel should not question a witness at the witness stand.

2. Any request for the re-reading of questions or answers shall be addressed to the Court. Such requests should be limited.

3. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

**D. PROMPTNESS OF COUNSEL AND WITNESSES**

1. The Court makes every effort to begin proceedings at the time set. Promptness is expected from counsel and witnesses. The Court will not delay the trial except under extraordinary circumstances.

2. If a witness was on the stand at a recess, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

3. Counsel must notify the courtroom deputy clerk in advance if any witness should be accommodated based on a disability or for other reasons.

4. Counsel should coordinate the scheduling of witnesses so that there is no delay in the calling of witnesses to the stand.

5. The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**E. EXHIBITS**

1. Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2. Each counsel is responsible for any exhibits that counsel secures from the courtroom deputy clerk and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the courtroom deputy clerk mark it for identification. To save time, counsel must show a new exhibit to opposing

counsel before it is mentioned in Court.

  4. Counsel are to advise the courtroom deputy clerk of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

  5. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

  6. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**F. DEPOSITIONS**

  1. All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the courtroom deputy clerk on the first day of trial or such earlier date as the Court may order. Counsel should verify with the courtroom deputy clerk that the relevant deposition is in the clerk's possession.

  2. In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

    (a) If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

    (b) If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

  3. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the

testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

### G. USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer, and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel. This procedure is intended to save time.

### H. ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the courtroom deputy clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine*. See Fed. R. Evid. 103.

**IT IS SO ORDERED.**

DATED: February 1, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  | ) | CASE NO. CV       DMG ( x) |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | **JOINT EXHIBIT LIST** |
| Defendant(s), | ) | *SAMPLE FORMAT* |

| EX. No. | DESCRIPTION | DATE IDENTIFIED | DATE ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

[*An asterisk shall be placed next to exhibits which a party may offer if the need arises.]

**ATTACHMENT A**

−14−

**JOINT TRIAL WITNESS TIME ESTIMATE FORM**

**CASE:** _____ **TRIAL DATE:**_____

|  | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X–EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
|  | TOTAL ESTIMATES THIS PAGE: | | | | |

<u>Instructions</u>:
(1) List witnesses (last name first); (2) For description, be extremely brief, <u>e.g.</u>, "eyewitness to accident" or "expert on standard of care"; (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, <u>e.g.</u>, if you estimate 20 minutes, make it .25. An estimate of one and one–half hours would be 1.5. An estimate of three–quarters of an hour would be .75; (4) Note special factors in "Comments" column, <u>e.g.</u>, "Needs interpreter"; (5) Entries may be in handwriting <u>if</u> <u>very</u> <u>neat</u> and <u>legible</u>.

**ATTACHMENT B**