Nancy G. Ross, *pro hac vice*
nross@mayerbrown.com
Samuel P. Myler, *pro hac vice*
smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

David M. Moscon, *pro hac vice*
mmoscon@mayerbrown.com
10 West Broadway, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 907-2703
Facsimile: (801) 880-2221

Robert C. Double III (SBN 301637)
rdouble@mayerbrown.com
Anthony Gutierrez (SBN 330302)
agutierrez@mayerbrown.com
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant Board of Directors for the Motion Picture Industry Pension Plans*

Jason Marsili, CA Bar No. 233980
jmarsili@rmrllp.com
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd Suite 1800
Los Angeles, CA 90010
Telephone: 213-389-6050

Paul J. Lukas, *pro hac vice*
lukas@nka.com
Brock J. Specht, *pro hac vice*
bspecht@nka.com
Anna P. Prakash, *pro hac vice*
aprakash@nka.com
Patricia C. Dana, *pro hac vice*
pdana@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PATRICIA KLAWONN, on behalf of the Motion Picture Industry Individual Account Plan,

Plaintiff,

v.

BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS, et al.

Defendants.

Case No. 2:20-cv-09194-DMG-JEM

**JOINT STIPULATION TO MODIFY SCHEDULING AND CASE MANAGEMENT ORDER FOR GOOD CAUSE**

      Plaintiff Patricia Klawonn ("Plaintiff") and defendant Board of Directors for the Motion Picture Industry Pension Plans ("Defendant"), through their respective counsel, hereby stipulate and move the Court pursuant to Federal Rule of Civil Procedure 16(b)(4) to amend the case schedule entered February 1, 2023 (Doc. No. 101) and adopt the parties' proposed amended case schedule of pretrial and trial dates. For the following reasons, and despite the parties' exercise of diligence in attempting to meet current case deadlines, there is good cause to extend the deadlines.

      1.    The Court denied Defendant's motion to dismiss Plaintiff's Second Amended Complaint on September 27, 2022. (Doc. No. 79.)

      2.    On October 17—ten days before Defendant filed its Answer (Doc. No. 93)—Plaintiff's counsel contacted defense counsel to schedule a 26(f) conference. After conferring over email about schedules, counsel agreed to meet on November 9.

      3.    The parties met as planned on November 9. Later that day, Plaintiff served Defendant with written discovery requests, seeking, among other things, information Plaintiff's counsel believes necessary to assist them with case strategy on the shape of discovery, certification, and any amendments.

      4.    After emails and further discussion by phone—including Defendant's anticipated first document production date of January 30—the parties agreed upon a proposed schedule and submitted the same to the Court on December 2. (Doc. No. 95-1).

      5.    Notably, however, at the time the parties developed their joint proposed schedule of pretrial and trial dates, Defendant could not determine the volume of materials and electronically stored information potentially responsive to Plaintiff's discovery requests; nor could it determine how much time would be required to collect and process those materials and ESI.

6. Soon after submitting the joint proposed schedule of pretrial and trial dates, Defendant began the process of identifying custodians, collecting potentially responsive materials and ESI, and engaging vendors to assist with processing and reviewing the materials and ESI. Due to the volume of materials and ESI that needed to be collected, as well as ensuring that the collection and review process complied with HIPAA, the process of identifying and collecting the materials and ESI potentially responsive to Plaintiff's requests has taken longer than anticipated.

7. As such, Defendant was not able to begin its document production on January 30, discussed the same with Plaintiff through counsel on February 3, and represented to Plaintiff that the earliest production could start would be February 17.

8. In light of the aforementioned delay, as well as Defendant's best estimate of the amount of time necessary to produce the materials and ESI responsive to Plaintiff's requests, the parties agree that the deadlines set forth in the Court's schedule of pretrial and trial dates do not provide sufficient time to conduct necessary discovery in advance of the upcoming deadlines for amending the pleadings and class certification. The parties also agree that additional time is necessary to ensure that discovery is completed before the June 1, 2023 non-expert discovery deadline.

9. The parties agree that extending the above deadlines set forth in the Court's schedule of pretrial and trial dates by approximately 120 days will ensure that the parties have sufficient time to conduct and complete discovery.

10. The parties' requested extension is set out here:

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off | Mar. 17, 2023 | July 14, 2023 |
| Motion for Class Certification Filing Deadline | April 10, 2023 | August 8, 2023 |

| | | |
|---|---|---|
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | June 1, 2023 | September 29, 2023 |
| Plaintiff's Expert Disclosure & Report Deadline | July 13, 2023 | November 17, 2023 |
| Defendant's Expert Disclosure & Report Deadline | August 24, 2023 | January 5, 2024 |
| Rebuttal Expert Disclosure & Report Deadline (as appropriate) | September 21, 2023 | February 5, 2024 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | November 2, 2023 | March 5, 2024 |
| Dispositive Motion Cut-Off (filing deadline) | December 14, 2023 | April 12, 2024 |
| *Daubert* Motion Filing Deadline | December 14, 2023 | April 12, 2024 |
| Settlement Conference Completion Date | March 19, 2024 | July 17, 2024 |
| Motions *in Limine* Filing Deadline (excluding *Daubert* motions) | March 19, 2024 | July 17, 2024 |
| Opposition to Motion *in Limine* Filing Deadline | April 2, 2024 | July 31, 2024 |
| Final Pretrial Conference | April 16, 2024 | August 14, 2024 |
| Trial | May 14, 2024 | September 11, 2024 |

11. For the reasons set forth above, there is good cause for amending the schedule of pretrial and trial dates. The parties' request would afford the parties sufficient opportunity to conduct discovery in advance of the deadlines for amending pleadings and moving for class certification, and would provide the parties sufficient time to complete discovery prior to the discovery cut-off date. And, as explained above, the parties have not been dilatory in pursuing and responding to discovery, nor have they delayed in moving to amend the schedule of pretrial and trial dates.

12. Accordingly, the parties hereby stipulate to, and request that the Court enter, the above proposed amended schedule of pretrial and trial dates.

Dated: February 9, 2023

Respectfully submitted,

By: */s/ Matthew Moscon*

MAYER BROWN LLP

*Attorneys for Defendant Board of Directors for the Motion Picture Industry Pension Plans*

Dated February 9, 2023

By: */s/ Patricia C. Dana*

NICHOLS KASTER, PLLP

*Attorneys for Plaintiff*

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Patricia C. Dana, attest under penalty of perjury that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 9, 2023

*/s/ Patricia C. Dana*
Patricia C. Dana