Nancy G. Ross, *pro hac vice*
 nross@mayerbrown.com
Samuel P. Myler, *pro hac vice*
 smyler@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:   (312) 701-7711

Anthony Gutierrez (SBN 330302)
 agutierrez@mayerbrown.com
MAYER BROWN LLP
350 S. Grand Ave., 25th Fl.
Los Angeles, CA 90071
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

D. Matthew Moscon, *pro hac vice*
 mmoscon@mayerbrown.com
Michael R. Menssen
 mmenssen@mayerbrown.com
MAYER BROWN LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  (801) 907-2700
Facsimile:   (801) 880-2221

*Attorneys for Defendant
Board of Directors for the
Motion Picture Industry
Pension Plans*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KLAWONN, on behalf of the Motion Picture Industry Individual Account Plan,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF DIRECTORS FOR THE MOTION PICTURE INDUSTRY PENSION PLANS, et al.<br><br>Defendants. | Case No. 2:20-cv-09194-DMG-JEM<br><br>**DEFENDANT BOARD OF DIRECTORS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Hearing Date: August 4, 2023<br>Hearing Time: 9:30 a.m.<br>Judge: Hon. Dolly M. Gee |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT .............................................................................................................. 2

    A.    Plaintiff's Allegations Concerning the Proposed Individual Defendants Do Not Articulate a Plausible Claim for Relief ............... 2

    B.    The Court Should Deny Plaintiff's Motion to Avoid a Chilling Effect on Defined Contribution Plans .................................................... 7

CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Brain*,
   910 F.3d 502 (9th Cir. 2018) .................................................................................. 4

*Acosta v. Pac. Enters.*,
   950 F.2d 611 (9th Cir. 1991) ............................................................................. 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................. 3

*Brooks v. FCI Lender Servs., Inc.*,
   No. 2:16-cv-2598, 2017 WL 345527 (E.D. Cal. Jan. 23, 2017) .......................... 3

*Cheap Easy Online Traffic School v. Peter L. Huntting & Co.*,
   818 F. App'x 683 (9th Cir. 2020) ......................................................................... 4

*Cosgrove v. Circle K Corp.*,
   884 F. Supp. 350 (D. Ariz. 1995) ......................................................................... 5

*Cunningham v. Cornell Univ.*,
   No. 16-cv-6525, 2018 WL 1088019 (S.D.N.Y. Jan. 19, 2018) ........................... 7

*Cusack-Acocella v. Dual Diagnosis Treatment Center, Inc.*,
   No. SACV 18-01009, 2018 WL 7501579 (C.D. Cal. Dec. 13,
   2018) .................................................................................................................... 4

*Depot, Inc. v. Caring for Montanans, Inc.*,
   915 F.3d 643 (9th Cir. 2019) ................................................................................ 4

*Gaitan v. Mort. Elec. Registration Sys.*,
   No. EDCV 09–1009, 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009) ..................... 3

*Gray v. CSP-Sacramento*,
   No. 2:17-cv-0213, 2019 WL 4261977 (E.D. Cal. July 15, 2019) ........................ 6

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) .............................................................................. 2

*Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*,
   701 F.2d 1276 (9th Cir. 1983) .................................................................................. 2

*Maldonado v. City of Ripon*,
   No. 2:17-cv-00478, 2018 WL 5304820 (E.D. Cal. Oct. 24, 2018) ....................... 6

*McKenzie v. Rossi-Hill*,
   No. 07-CV-1752, 2010 WL 2595560 (D. Or. Mar. 29, 2010) .............................. 6

*Multimedia Patent Tr. v. Apple Inc.*,
   No. 10-CV-2618-H, 2012 WL 12868247 (S.D. Cal. July 11, 2012) ................... 2

*Nw. Carpenters Health & Sec. Tr. v. Greyrock Drilling & Piledriving
   LLC*, No. 2:23-cv-00063, 2023 WL 3996906 (W.D. Wash. June
   14, 2023) ................................................................................................................. 7

*Pegram v. Herdich*,
   530 U.S. 211 (2000) .............................................................................................. 1

*Santomenno v. Transamerica Life Ins. Co.*,
   883 F.3d 833 (9th Cir. 2018) ................................................................................ 5

*Stambanis v. Tbwa Worldwide, Inc.*,
   No. 2:19-cv-3962, 2020 WL 4060171 (C.D. Cal. July 20, 2020) ........................ 2

**Statutes**

29 U.S.C. § 1002(21)(A) ............................................................................................ 6

Labor Management Relations Act of 1947 ................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 2

Local Rule 7-9 ............................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 3

Pursuant to Local Rule 7-9 for the District Court for the Central District of California, Defendant Board of Directors for the Motion Picture Industry Pension Plans ("Board" or "Defendant") hereby submits its opposition to Plaintiff Patricia Klawonn's ("Plaintiff") Motion to Amend her Second Amended Complaint (ECF No. 106).

**INTRODUCTION**

Plaintiff's proposed Third Amended Complaint purports to add 50 new individual defendants to her case. But the proposed Third Amended Complaint fails to plead a single factual allegation sufficient to satisfy the threshold requirement in asserting a breach of fiduciary duty that the defendant was acting as a fiduciary while engaging in the allegedly wrongful conduct. *Pegram v. Herdich*, 530 U.S. 211, 226 (2000) ("[T]he threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."). Plaintiff concedes as much, stating "[t]he only effect of the [proposed] amendment is to remove the Doe Defendants and add the names of individual board members." Motion (ECF No. 106), ii. Yet earlier iterations of the complaint are equally silent on *how* the individuals were, (1) acting in a fiduciary capacity and, in turn, (2) what conduct by the individuals is allegedly actionable as distinct from actions of the Board. Plaintiff's position appears to be that merely because the individuals served on the Board of Directors, they are personally responsible—and liable—for every act of the Board, whether they supported or participated in the action or not. At the same time, Plaintiff's motion also admits that "the Board can only conduct business through the official actions of its *collective* members." *Id.* at 2 (emphasis added).

Neither federal pleading standards nor governing caselaw permit an ERISA claim to proceed in the absence of any pleaded basis for liability. There is no strict

liability for directors or committee members simply by virtue of being a director or a committee member. Instead, Plaintiff must first demonstrate that each individual defendant was acting as a fiduciary during the conduct complained of and then identify how each individual defendant violated ERISA. She has failed to do so in the proposed Third Amended Complaint. Unless she can plead such facts, there simply are no grounds on which she can subject the 50 named individuals to litigation for breach of the fiduciary duty.

## ARGUMENT

Once a responsive pleading has been filed, successive amendments to a complaint require leave of the court, which should be granted if "justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "[l]eave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Id.* "The grant or denial of an opportunity to amend is within the discretion of the District Court," *Multimedia Patent Tr. v. Apple Inc.*, No. 10-CV-2618-H, 2012 WL 12868247, at *2 (S.D. Cal. July 11, 2012) (alterations omitted) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)), and "the Court may deny leave to amend based on any one factor," *Stambanis v. Tbwa Worldwide, Inc.*, No. 2:19-cv-3962, 2020 WL 4060171, at *2 (C.D. Cal. July 20, 2020).

The Court should exercise its discretion to deny Plaintiff's motion because her proposed amendment is futile and because the addition of the 50 individuals will chill the willingness of any individual to serve on a Board like Defendant.

### A. Plaintiff's Allegations Concerning the Proposed Individual Defendants Do Not Articulate a Plausible Claim for Relief.

Courts do not permit futile amendments. *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Amendment is futile if a claim, as amended, would fail to state a claim under the standard applied

on a motion to dismiss pursuant to [Rule 12(b)(6)]." *Gaitan v. Mort. Elec. Registration Sys.*, No. EDCV 09–1009, 2009 WL 3244729, at *4 (C.D. Cal. Oct. 5, 2009). To properly state a claim, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a complaint is filed against multiple defendants, it must "provide factual allegations sufficient to demonstrate a cognizable cause of action *with respect to each of those defendants*." *Brooks v. FCI Lender Servs., Inc.*, No. 2:16-cv-2598, 2017 WL 345527, at *12 (E.D. Cal. Jan. 23, 2017) (emphasis added).

The proposed Third Amended Complaint purports to add 50 new individual defendants but it does not add single fact showing that any of those individuals alone constitute a plan fiduciary, let alone that they engaged in a fiduciary act. Rather, the only allegations about these individuals pertain to the mere fact that they are members of the Board and that *the Board* delegated certain fiduciary responsibilities to a Finance Committee ("Committee"). *See* Dana Decl. Ex. A (ECF No. 106-2), ¶¶ 25-28.

Plaintiff's theory is that any member of a Board or committee thereof is a guarantor of every decision of that governing body, regardless of whether the individual supported or participated in an allegedly improper decision. Essentially, Plaintiff purports to state a claim by alleging that (1) each of the individual defendants was a fiduciary; (2) the fiduciaries to the Plan collectively breached their duties; and therefore (3) each defendant is individually liable alongside the Board itself. But Plaintiff is missing a key element to her claim—specifically, any allegations that the individual defendants had, much less exercised, fiduciary authority with respect to the Plan in their individual capacities.

The Ninth Circuit has interpreted ERISA's language to "make[] clear that a person's *actions*, not the official designation of his role, determine whether he enjoys

fiduciary status." *Acosta v. Pac. Enters.*, 950 F.2d 611, 618 (9th Cir. 1991) (emphasis added). In this way, "an ERISA fiduciary is only a fiduciary 'to the extent' it exercises fiduciary functions." *Cusack-Acocella v. Dual Diagnosis Treatment Center, Inc.*, No. SACV 18-01009, 2018 WL 7501579, at *3 (C.D. Cal. Dec. 13, 2018). "Put differently, in 'every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) *when taking the action* subject to complaint.'" *Id.* (quoting *Pegram*, 530 U.S. at 230). In applying this standard, courts "must distinguish between a fiduciary acting in connection with its fiduciary responsibilities with regard to the plan, as opposed to the same individual or entity acting in its corporate capacity. Only the former triggers fiduciary status; the latter does not." *Acosta v. Brain*, 910 F.3d 502, 519 (9th Cir. 2018) (internal quotations omitted). *See also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 654 (9th Cir. 2019).

Plaintiff has alleged that "the Board," and in some instances "the Committee," exercises discretion over the administration of the Plan, and that "the Committee" exercises discretion over Plan assets, ECF No. 106-2, ¶ 26, but she has not pleaded a single allegation claiming that the individuals she seeks to name had authority to exercise discretion over the Plan as individuals with respect to the investment decisions that are the subject of her claims. Further, and most importantly, she fails to allege that the individuals acted with fiduciary status relevant to the conduct in question. "Under ERISA, discretion is the *sine qua non* of fiduciary status and duty, and fiduciary status requires the actual exercise of discretionary authority." *Cheap Easy Online Traffic School v. Peter L. Huntting & Co.*, 818 F. App'x 683, 685 (9th Cir. 2020). As a matter of law, Plaintiff has not stated a claim against the individual Board members.

Plaintiff does not allege that any of the governing plan documents—either the Plan document itself, the governing committee guidelines, or the Plan's investment policy statement—delegate any authority or responsibility to individual Board members, much less the ones she selected to name as defendants. To the contrary, these documents readily demonstrate that fiduciary responsibilities were vested in the Board and Committees *as a whole*. *See* Ex. A, Pension Plan Document, at 5, 102 (delegating authority to designate "one or more Investment Managers as the Fiduciary with respect to the investment, control and management of Trust assets" to the directors collectively); Ex. B, Committee Guidelines, at 4 (delegating authority to "approve the investment of Plan assets" to the Finance Committee). Individual Board members do not have the power to override the Board or the Committee on which they sit. Thus, only the decision-making body (*i.e.*, the Board itself) can defend the body's collective actions.

Plaintiff offers that her motion is proper because "the Board can only conduct business through the official actions of its collective members." ECF No. 106 at 2. But that ipse dixit is not a substitute for factual allegations regarding the individual defendants' statuses as fiduciaries at the time in question or their *actual* exercises of discretionary authority, which are the minimum requirements for stating a claim for fiduciary breach. Indeed, "a person's actions . . . determine whether he enjoys fiduciary status" pursuant to ERISA. *Acosta*, 950 F.2d at 618. Therefore, Plaintiff bears the burden to allege that each of these new defendants were acting as a fiduciary *and* individually exercised discretionary authority or control over the plan decisions to which she objects. *See, e.g.*, *Cosgrove v. Circle K Corp.*, 884 F. Supp. 350, 353 (D. Ariz. 1995) (granting summary judgment on issue of individual's fiduciary status because "[t]he record is devoid of any actions personally taken by Karl Eller . . . to control or unduly influence the Plan trustees' decision"); *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 838 (9th Cir. 2018) ("The

Supreme Court has stressed that the central inquiry is whether the party was acting as a fiduciary 'when taking the action subject to complaint.'" (quoting *Pegram*, 530 U.S. at 226)). Plaintiff fails to meet that pleading burden.

Nothing in Plaintiff's amendment indicates that the proposed new individual defendants personally exercised any fiduciary authority over the administration of the Plans, as opposed to the Board acting as a whole. Plaintiff's only allegation regarding the named individuals' actions is her conclusory allegation that the individually named "Board Members are . . . functional fiduciaries pursuant to 29 U.S.C. § 1002(21)(A)." ECF No. 106-2, ¶ 25. But "[b]are legal conclusions are insufficient to state a claim," and thus the Court need not and should not credit them. *Maldonado v. City of Ripon*, No. 2:17-cv-00478, 2018 WL 5304820, at *12 (E.D. Cal. Oct. 24, 2018). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff also argues that her amendment is not futile because the Court's order denying the Defendant's motion to dismiss "recognized that the allegations pertained to both the Board and the Doe Defendants and summarized Plaintiff's allegations accordingly." ECF No. 106, at 3. However, recognizing that Plaintiff's allegations generally "pertained to . . . Doe Defendants" is not the same thing as recognizing that those allegations were legally sufficient to state a claim against actual persons. *Cf. Gray v. CSP-Sacramento*, No. 2:17-cv-0213, 2019 WL 4261977, at *3 (E.D. Cal. July 15, 2019) (explaining that Doe defendant would not be required to respond to the complaint because "the court will not order service on the Doe defendant until plaintiff has identified him and filed a motion to substitute a named defendant for the Doe defendant"); *McKenzie v. Rossi-Hill*, No. 07-CV-1752, 2010 WL 2595560, at *1 n.3 (D. Or. Mar. 29, 2010) (noting that John Doe was "named in the Amended

Complaint" but was "not a party" for purposes of summary judgment). Nothing in the Court's order denying the Defendant's motion to dismiss Plaintiff's claims suggests that the Court believed Plaintiff stated a plausible claim against any individual Doe Defendant, much less all 50 of them that Plaintiff identifies here.

The proposed Third Amended Complaint fails to state a claim against the proposed new individual defendants, and that is reason enough to deny Plaintiff leave to file it.

### B. The Court Should Deny Plaintiff's Motion to Avoid a Chilling Effect on Defined Contribution Plans.

The Court should deny Plaintiff's motion for an additional reason: allowing Plaintiff to name the individual Board members as defendants, and thereby subjecting them to potential *personal* liability, will have a chilling effect on individuals' willingness to serve as directors of similarly situated plans. As courts have noted, Plaintiff's tactic of listing all individual committee members of an ERISA plan as directors serves merely to harass them and pressure them into settling meritless claims. *See Cunningham v. Cornell Univ.*, No. 16-cv-6525, 2018 WL 1088019, at *1 (S.D.N.Y. Jan. 19, 2018) ("Plaintiffs shall address why they need to name 29 additional individuals as defendants other than (a) they think they can; and (b) the assertion of multi-million dollar claims against these individuals who served on a committee at their employer's request has the tremendous power to harass these individuals because they will be required to list the lawsuit on every auto, mortgage or student financial aid application they file."). Here, Defendant's plan is collectively bargained among multiple employers and organized pursuant to the Labor Management Relations Act of 1947, also known as the Taft-Hartley Act. *See, e.g.*, ECF No. 56-1, 54. *Cf. Nw. Carpenters Health & Sec. Tr. v. Greyrock Drilling & Piledriving LLC*, No. 2:23-cv-00063, 2023 WL 3996906, at *1 n.1 (W.D. Wash. June 14, 2023) ("Taft-Hartley trusts are joint labor-management trust funds created pursuant to Section 302(c)(5) of the Labor Management Relations Act, and subject

to the provisions of ERISA."). Allowing Plaintiff's claim to proceed against the proposed individual directors, particularly without any allegations regarding these individuals' conduct, will do nothing but have a chilling effect on, if not doom entirely, the willingness of people like the individual directors to serve in a fiduciary capacity for defined contribution plans. Adding these individuals serves no benefit to Plaintiff, as the Board is already a party, yet it creates a material disincentive for individuals to be willing to serve on a Board such as Defendant. This is hardly a purpose envisioned by Congress when it passed ERISA, and it is contrary to the purpose of Taft-Hartley. The Court should deny Plaintiff's motion to avoid such a dire effect.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to file a Third Amended Complaint.

| | | |
|---|---|---|
| 1 | Dated: July 14, 2023 | Respectfully submitted, |
| 2 | | By: */s/    D. Matthew Moscon*<br>Nancy G. Ross, *pro hac vice* |
| 3 | | nross@mayerbrown.com<br>Samuel P. Myler, *pro hac vice* |
| | | MAYER BROWN LLP |
| 4 | | 71 South Wacker Drive<br>Chicago, IL 60606 |
| 5 | | Telephone:  (312) 782-0600<br>Facsimile:   (312) 701-7711 |
| 6 | | |
| 7 | | D. Matthew Moscon, *pro hac vice*<br>mmoscon@mayerbrown.com |
| 8 | | Michael R. Menssen<br>mmenssen@mayerbrown.com |
| | | MAYER BROWN LLP |
| 9 | | 10 West Broadway, Suite 700<br>Salt Lake City, UT 84101 |
| 10 | | Telephone: (801) 907-2700<br>Facsimile:  (801) 880-2221 |
| 11 | | |
| 12 | | Anthony Gutierrez (SBN 330302)<br>*agutierrez@mayerbrown.com* |
| 13 | | MAYER BROWN LLP<br>350 S. Grand Ave., 25th Fl. |
| 14 | | Los Angeles, CA 90071<br>Telephone: (213) 229-9500 |
| 15 | | Facsimile:  (213) 625-0248 |
| 16 | | *Attorneys for Defendant Board of Directors for the Motion Picture Industry Pension Plans* |

DEFENDANT BOARD OF DIRECTORS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

9

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendant certifies that this brief contains 2,486 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 14, 2023

*/s/ D. Matthew Moscon*
D. Matthew Moscon