UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9194 DMG (JEMx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | *Patricia Klawonn v. Board of Directors for the Motion Picture Industry Pension Plans, et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND [106]**

On June 16, 2023, Plaintiff Patricia Klawonn filed a Motion for Leave to Amend the Second Amended Complaint ("SAC") to identify the previously named Doe defendants. [Doc. # 106 ("MLA").] The motion is fully briefed [Doc. ## 111 ("Opp."), 112 ("Reply").] For the following reasons, the Court **GRANTS** Klawonn's motion.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Klawonn asserts a single claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ('ERISA") against the Board of Directors for the Motion Picture Industry Pension Plans ("the Board"). *See* SAC ¶ 1 [Doc. # 56]. In the SAC, she included "Board Members" as defendants, but noted that she did not know the names of the individuals who served on the Board during the relevant period, so named them as Doe defendants. *See id*. at ¶ 25. Klawonn now seeks leave to amend the SAC to name individual members of the Board. *See* Dana Decl., Ex. B (proposed Third Amended Complaint, or TAC) [Doc. # 106-3]. The deadline for addition of parties and amendment of the pleadings is August 4, 2023 [*see* Doc. # 109], so the motion is timely.

**II.
LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (requests for leave to amend should be granted with "extreme liberality"). "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9194 DMG (JEMx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | Patricia Klawonn v. Board of Directors for the Motion Picture Industry Pension Plans, et al. | Page | 2 of 3 |

"Absent prejudice, or a strong showing of any of the [other relevant] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). Furthermore, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**III.**
**DISCUSSION**

The Board opposes amendment on the basis that Klawonn's allegations concerning the individual Board members do not articulate a plausible claim for relief. They also argue that naming the individual Board members as defendants could have a chilling effect on individuals' willingness to serve in similar roles in the future.

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The standard when "determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller*, 845 F.2d at 214, *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But "courts will [ordinarily] defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Board argues that amendment would be futile because Klawonn has not alleged sufficient facts to show that each individual Board member had or exercised fiduciary authority in their individual capacities. *See* Opp. at 7.[1] But this is precisely the type of inquiry that is generally deferred until after the amended pleading is filed. The Court therefore declines to deny the MLA on that basis.

The Board's second argument is also unpersuasive. They cite to an order issued in an ERISA case in another trial court, in which the court questioned the litigation strategy of naming individual board members as defendants. *See Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2018 WL 1088019 (S.D.N.Y. Jan. 19, 2018). But even that court did not actually deny the plaintiffs' motion for leave to amend. Moreover, ERISA itself clearly contemplates personal liability for fiduciaries. *See, e.g.*, 29 U.S.C. § 1109(a). It would be anomalous to refuse to permit a plaintiff to hold fiduciaries personally liable when that appears to have been part of Congress's plan. The Court therefore will not deny the MLA on this basis. But the Court emphasizes that in

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-9194 DMG (JEMx) | Date | August 3, 2023 |
|---|---|---|---|
| Title | *Patricia Klawonn v. Board of Directors for the Motion Picture Industry Pension Plans, et al.* | Page | 3 of 3 |

reaching this conclusion, the Court does not reach the question of whether Klawonn has adequately pled that the individual Board members here were fiduciaries who may be held personally liable.

## IV.
## CONCLUSION

In light of the foregoing, Klawonn's MLA is **GRANTED**. Klawonn shall file her TAC separately on the docket within three court days of this Order. Defendants' response shall be due 21 days after the TAC is filed and served. The August 4, 2023 hearing on this matter is **VACATED**.

**IT IS SO ORDERED.**